UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Joshua Ray Fisher,

    Plaintiff

v.

USA,

    Defendant

Case No.: 2:17-cv-01154-JAD-EJY

**Order Dismissing Action
for Want of Prosecution**

On February 20, 2020, the Court notified plaintiff that his case would be dismissed for want of prosecution if no action was taken by March 21, 2020.[1]  Plaintiff filed nothing.  District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[2]  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[3]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

---

[1] ECF No. 19 (Notice of Intent to Dismiss Under Local Rule 41-1).

[2] *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986).

[3] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

(4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[5]  A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement,[6] and that warning was given here.[7]  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice for want of prosecution.  The Clerk of Court is directed to CLOSE THIS CASE.

Dated: April 21, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[4] *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260–61; *Malone*, 833 F.2d at 130; *Henderson*, 779 F.2d at 1423–24; *Thompson*, 782 F.2d at 831.
[5] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).
[6] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.
[7] ECF No. 19.